Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, California  94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: mstafford@sjlawcorp.com
Email: erussell@sjlawcorp.com

Attorneys for Plaintiffs, Russell E. Burns, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al., | Case No. C15-01233 MEJ |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| JLV EQUIPMENT, INC., et al. | |
| Defendants. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs Russell E. Burns, et al. ("Plaintiffs" or "Trust Funds") and against Defendant JLV Equipment, Inc., a California Corporation and Defendant Jeffrey Varnell, an individual (collectively "Defendants"), as follows:

1.      Defendant JLV Equipment, Inc. was signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union") at all relevant times herein.

2.      Defendant Jeffrey Varnell confirms that he is authorized to enter into this Stipulation on behalf of Defendant JLV Equipment, Inc.

3.      Defendant Jeffrey Varnell confirms that he is personally guaranteeing the amounts due herein.

4.      Defendants specifically consent to the Court's jurisdiction, as well as the use of a

1

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-01233 MEJ**

Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendants join or merge, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendants are an officer, owner or possess any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Total Contributions Reported Due | Unpaid Contributions | 20% Liquidated Damages[1] | 10% Interest (thru 12/31/15) | Subtotal Due |
|---|---|---|---|---|---|
| 7/14 | $16,136.50 | $16,136.50 | $3,227.30 | 1,931.12 | $21,294.92 |
| 8/14 | $14,604.90 | $14,604.90 | $2,920.98 | 1,639.04 | $19,164.92 |
| 9/14 | $10,529.75 | $10,529.75 | $2,105.95 | 1,100.85 | $13,736.55 |
| 10/14 | $6,071.70 | $6,071.70 | $1,214.34 | 592.47 | $7,878.51 |
| Subtotals |  | $47,342.85 | $9,468.57 | 5,263.48 | $62,074.90 |

| | |
|---|---|
| Total due, as shown above, for 7/14-10/14 (through 12/31/15): | $62,074.90 |
| 10% Liquidated Damages for 5/14-6/14 Late-Paid Contributions: | $2,524.71 |
| 5% Interest for 5/14-6/14 Late-Paid Contributions: | $64.18 |
| Contribution Underpayments Pursuant to Audit (4/16/14-10/26/14): | $3,243.90 |
| Inspection Costs for Audit (4/14-10/26/14): | $1,247.25 |
| Attorneys' Fees (through 12/31/15): | $10,073.50 |
| Costs (through 12/31/15): | $653.06 |
| **TOTAL AMOUNT DUE:** | **$79,881.50** |

5. The parties have agreed to resolve this matter for the total sum of $65,000.00, plus conditionally waived liquidated damages of $11,993.28.

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

6. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

a) <u>Notices to Defendants</u>: JLV Equipment, Jeffrey Varnell, c/o Michael E. Adams, Law Offices of Michael E. Adams, 702 Marshall Street, Suite 300, Redwood City, CA 94063, email: michaeleadams@earthlink.net

b) <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

/ / /

---

[1] Liquidated damages are calculated on the total reported due, per the terms of the Bargaining and Trust Agreements.

2

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-01233 MEJ**

P:\CLIENTS\OE3CL\JLV Equipment, Inc\Pleadings\Judgment Pursuant to Stipulation (revised per terms agreed upon at 1-19-16 ENE)FINAL.docx

7. The requirements pursuant to the terms of this Stipulation are as follows:

    a) **Monthly Payments**: Defendants shall pay the amount of $65,000. Should Defendants fail to timely comply with the terms of this Stipulation, Defendants may be required to pay conditionally waived liquidated damages of $11,993.28 should Plaintiffs deny Defendants' request for a waiver of those liquidated damages.

        i) Lump sum payment of **$35,000.00** shall be made on or before March 15, 2016.

        ii) Payments in the amount of **$2,638.00 per month** shall begin on February 15, 2016 and continue on or before April 15, 2016 and on or before the 15th day of each month thereafter **for a period of ten (10) months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

        iii) Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

        iv) Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on January 1, 2016.

    b) **Contributions:** Should Defendants become signatory with the Plaintiff Union at any time during the term of this Stipulation, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s) from the time Defendants become signatory and every month thereafter until this Judgment is satisfied..

    c) **Job Report:** Beginning with the month of January 2015, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

    d) **Audit:** Should the Trust Funds request an audit of Defendants' payroll records pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested.

        i) In the event that amounts are found due to Plaintiffs as a result of the

3

audit, Plaintiffs shall send a copy of the audit report, and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

   ii) In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

   iii) If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

   iv) Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

  e) **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment if Defendant defaults under the terms of this Stipulation, even if said default is cured. If no default occurs, the maximum amount of attorneys' fees and costs to be paid by Defendants shall be $2,000.00.

  8. In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines[2]** | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $2,638.00** payable to *Operating Engineers Trust Funds* | 15th day of each month (2/15/16, 4/15/16- 2/15/17) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |

---

[2] If the Stipulation has not been fully satisfied by 12/15/16, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

4

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-01233 MEJ**

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Payment in the amount of $35,000.00** payable to *Operating Engineers Trust Funds* | March 15, 2016 | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds*<br><br>(If Defendants become signatory with the Plaintiff Union at any time during the term of this Stipulation) | 15th day of each month (from the date Defendants become signatory and every month thereafter until this Judgment is satisfied) | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104;<br><br>Plus copies to:<br>compliance@sjlawcorp.com<br>(subject: "JLV Equipment");<br><br>Operating Engineers Trust Funds<br>P.O. Box 3157<br>Hayward, CA 94540-3157 |
| **Completed job reports** (form attached as Exhibit A to Stipulation)<br><br>**and Certified Payroll** (if requested) | 15th day of each month (beginning 2/15/16, for 1/16 work) | compliance@sjlawcorp.com<br>(subject: "JLV Equipment")<br><br>or<br><br>Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |

9. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

**DEFAULTS UNDER THE TERMS OF THIS STIPULATION**

10. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

11. Any unpaid or late-paid contributions, together with 20% liquidated damages and 10%

per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein only if Defendants fail to cure a default within seven (7) days from the date of notice from Plaintiffs of said default. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## **MISCELLANEOUS PROVISIONS**

13. The above requirements remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."

14. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

15. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts and

6

all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on December 15, 2016.

16. The conditional waiver of liquidated damages shall be presented to the Collections Manager and Board of Trustees for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If there was no default under the terms of the Stipulation, the waiver of liquidated damages shall be granted and a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If a default occurred under the terms of the Stipulation, Defendants must submit a written request for a waiver of the liquidated damages for consideration. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due.

17. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

18. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

19. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

20. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

21. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants

7

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-01233 MEJ**

P:\CLIENTS\OE3CL\JLV Equipment, Inc\Pleadings\Judgment Pursuant to Stipulation (revised per terms agreed upon at 1-19-16 ENE)FINAL.docx

acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

22.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

23.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

24.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-01233 MEJ**

P:\CLIENTS\OE3CL\JLV Equipment, Inc\Pleadings\Judgment Pursuant to Stipulation (revised per terms agreed upon at 1-19-16 ENE)FINAL.docx

25. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: February 12, 2016 **JLV EQUIPMENT, INC., a California Corporation**

By: /S/
Jeffrey Varnell, RMO/CEO/President of Defendant JLV Equipment, Inc.

DATED: February 12, 2016 **JEFFREY VARNELL**

By: /S/
Jeffrey Varnell, Individual Defendant and Guarantor

DATED: February 17, 2016 **SALTZMAN & JOHNSON LAW CORPORATION**

By: /S/
Erica J. Russell, Attorneys for Plaintiffs Russell E. Burns, et al.

DATED: February 16, 2016 **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: **/S/**
David E. Hayner, Collections Manager for Plaintiffs Russell E. Burns, et al.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: February 19, 2016

_____
UNITED STATES MAGISTRATE JUDGE

*[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Maria-Elena James]*

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the 15th day of each month**
by email to compliance@sjlawcorp.com (subject line: *JLV Equipment, Inc.*) , <u>or</u>
delivered to Saltzman & Johnson, 44 Montgomery St., Ste. 2110, San Francisco, CA 94104

**Employer: JLV EQUIPMENT, INC.**
Report for the month of _____, 20__  Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (Circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | **Public or Private?** (Circle one) |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

***Attach additional sheets as necessary***

1

Exhibit A to JUDGMENT PURSUANT TO STIPULATION
Case No. C15-01233 MEJ

P:\CLIENTS\OE3CL\JLV Equipment, Inc\Pleadings\Judgment Pursuant to Stipulation (revised per terms agreed upon at 1-19-16 ENE)FINAL.docx